OPINION
On October 20, 1999, a complaint was filed charging appellant, Joshua Stuck, a juvenile, to be a delinquent child for having committed the offense of rape in violation of R.C. 2907.02 and R.C. 2151.02. The rape allegation arose from an incident involving appellant's half-sister, Brittony Stuck, a five years old. An adjudicatory hearing before a magistrate was held on December 13, 1999. By decision filed December 16, 1999, the magistrate recommended that appellant be adjudicated a delinquent child for having committed the offense of gross sexual imposition in violation of R.C. 2907.05. The magistrate recommended an indefinite commitment of a minimum of six months and a maximum period not to exceed age twenty-one. The trial court approved and adopted the decision on the same day. On December 30, 1999, appellant filed a motion for findings of fact and conclusions of law. By judgment entry filed January 3, 2000, the trial court denied said motion finding the request was not timely filed. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING THAT THE HEARSAY STATEMENTS OF THE ALLEGED VICTIM WERE STATEMENTS MADE FOR THE PURPOSES OF MEDICAL DIAGNOSIS AND TREATMENT AND, THUS, ADMISSIBLE FOR THEIR TRUTH.
 II COUNSEL FOR DEFENDANT-APPELLANT COMMITTED EGREGIOUS ERRORS DURING THE TRIAL OF HIS CASE, AND THE CUMULATIVE EFFECT OF SUCH ERRORS VIOLATED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO, AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 III THE LOWER COURT'S FINDING THAT JOSHUA STUCK WAS A DELINQUENT MINOR BY REASON OF COMMITTING THE OFFENSE OF GROSS SEXUAL IMPOSITION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in permitting Janet T. McCleery to testify to statements made by the victim/child. We disagree. Specifically, appellant argues the victim's statements, made to Ms. McCleery, a registered nurse who examined the child, did not qualify under Evid.R. 803(4): The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
(4) Statements for purposes of medical diagnosis or treatment
Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
Appellant also argues the trial court failed to follow the dictates of State v. Dever (1992), 64 Ohio St.3d 401, 410, in conducting a voir dire examination of Ms. McCleery to test the surrounding circumstances for trustworthiness: The trial court should consider the circumstances surrounding the making of the hearsay statement. If the trial court finds in voir dire that the child's statements were inappropriately influenced by another, then those statements would not have been made for the purpose of diagnosis or treatment. This inquiry will vary, depending on the facts of each case.
As we have noted in previous cases involving alleged "Dever" violations, the suggestion for a voir dire examination is contained in the "dicta" of the case and not the syllabus. See, State v. McCullough (May 12, 1999), Licking App. No. 98CA00129, unreported; State v. Holland (July 18, 1994), Stark App. No CA9496, unreported. Further, this case involved a trial to the court. The general safeguards attached to a Dever voir dire are not necessary in a bench trial because we presume the trial court knows the law and will follow it in making an independent "trustworthiness" evaluation. This is exemplified in the record by the trial court during the ruling on the objection to Nurse McCleery's testimony. T. at 118-119. In order to review this assignment of error, we must look at the testimony of Nurse McCleery as a whole. The first inquiry is whether Nurse McCleery was involved in the diagnosis and/or treatment of a medical condition and was not serving as an evidence collector or making a case for the prosecution. Nurse McCleery was employed by "The Kids Place," a facility that provides "interdisciplinary evaluations for children who are alleging physical or sexual abuse." T. at 105. Although a victim is interviewed by police and social workers initially, the medical examination portion of the evaluation is conducted by medical professionals and includes a complete physical examination. T. at 106-107, 109. Nurse McCleery identified herself as a nurse and told the victim that she was "going to do a checkup." T. at 110. The physical examination disclosed a "mild redness on the exterior portion of her genitalia, and on the hymen." T. at 124. Upon review, we conclude the examination was for medical diagnosis and treatment. The next inquiry is whether there is an indicia of trustworthiness associated with the statements of the victim/child. It is clear from the record that the child was familiar with a doctor's office and treatment. T. at 110-111. The child was alert, cooperative and playful during the interview. T. at 111. The victim/child had given a spontaneous declaration to her mother that was contemporaneous with the incident. T. at 22. This declaration was similar to the statements made to Nurse McCleery. T. at 120. Upon review, we find this meets the test for trustworthiness as set forth in Dever. We find the statements qualified under Evid.R. 803(4). Furthermore, we find the statements qualified under Evid.R. 807(A)(1) which states as follows: (A) An out-of-court statement made by a child who is under twelve years of age at the time of trial or hearing describing any sexual act performed by, with, or on the child or describing any act of physical violence directed against the child is not excluded as hearsay under Evid.R. 802 if all of the following apply:
(1) The court finds that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness that make the statement at least as reliable as statements admitted pursuant to Evid.R. 803 and 804. The circumstances must establish that the child was particularly likely to be telling the truth when the statement was made and that the test of cross-examination would add little to the reliability of the statement. In making its determination of the reliability of the statement, the court shall consider all of the circumstances surrounding the making of the statement, including but not limited to spontaneity, the internal consistency of the statement, the mental state of the child, the child's motive or lack of motive to fabricate, the child's use of terminology unexpected of a child of similar age, the means by which the statement was elicited, and the lapse of time between the act and the statement. In making this determination, the court shall not consider whether there is independent proof of the sexual act or act of physical violence.
Although Nurse McCleery acknowledged that she heard the interview with the police and told the child that she did (T. at 115), we do not find this fact impacts on the issues of trustworthiness and reliability. The trial court did not err in permitting the testimony of Nurse McCleery as to statements made by the victim/child. Assignment of Error I is denied.
 II
Appellant claims he was denied the effective assistance of trial counsel. We disagree. The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following: 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Specifically, appellant argues his trial counsel was deficient in not objecting to Nurse McCleery's testimony concerning statements not made to her, and in not pursuing the issue of the victim's competency to testify. We have examined Nurse McCleery's testimony and find two brief statements wherein she alluded to what the victim said to the police. T. at 115, 122. Nurse McCleery's testimony in depth states what the victim had said to her. T. at 120. We fail to find anything objectionable in the manner of Nurse McCleery's testimony or in defense counsel's way of objecting. Defense counsel strenuously objected to all of the testimony at a sidebar. T. at 116-118. The record does not establish anything about the child's ability to testify. The victim/child was five years old and pursuant to Evid.R. 601, would not have initially been qualified as competent: Every person is competent to be a witness except:
(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
As cited supra, Evid.R. 807 provides a vehicle where out of court statements of children/victims may be used. The state pursued the trial of this matter under Evid.R. 803(2) and (4) and Evid.R. 807 and therefore it was not necessary to have the five year old declared competent to testify. Upon review, we cannot find anything in the record to establish that the failure to have the child declared competent prejudiced appellant or affected the outcome of the trial. Assignment of Error II is denied.
 III
Appellant claims the trial court's finding of delinquency was against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259 . On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. Appellant was found to be delinquent of gross sexual imposition in violation of R.C.2907.05 which states as follows: (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
"Sexual contact" as defined in R.C. 2907.01(B) "means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." The victim's mother, Jennifer Moran, testified to the excited utterance of the child: "Her exact words were, `I'm tired of Josh pulling his pants down and going up and down on me.'" T. at 22. Nurse McCleery testified under Evid.R. 803(4) that the child made a similar statement to her. T. at 120. After a physical examination, Nurse McCleery found a mild redness on the exterior portion of the victim's genitalia and on the hymen consistent with the child's statement of what had happened. T. at 124. The child told Nurse McCleery that after appellant went up and down on her, "lotion came out of his private." T. at 122. Upon review, we conclude there was sufficient credible evidence to substantiate the finding of delinquency by reason of gross sexual imposition. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby affirmed.
 ___________ Farmer, J.
Gwin, P.J. and Wise, J. concur.